UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CESAR ALEJANDRO DIAZ VINALES, *et al.*, | § § § | |
| Petitioners, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-03367 |
| RAYMOND THOMPSON, *et al.*, | § § § | |
| Respondents. | § § | |

## ORDER

Before the Court are Petitioner Cesar Alejandro Diaz Vinales's Petition for Writ of Habeas Corpus, filed by next friend Geidy Lienny Manresa Molerio[1](Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #6), and the Response to the Motion for Summary Judgment (Doc. #8). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Cesar Alejandro Diaz Vinales ("Petitioner"), a citizen of Cuba, entered the United States on or about January 5, 2022. Doc. #6, Ex. 1 at 1. Petitioner was arrested and then released on his own recognizance. Doc. #6 at 2; Doc. #1 at 30–31. Respondents do not dispute that Petitioner complied with all conditions of his release. *See* Doc. #6. Notwithstanding Petitioner's compliance, Respondents re-detained Petitioner on February 18, 2026, during a routine ICE check-in appointment. Doc. #6 at 2; Doc. #1 at 4. On March 18, 2026, the Department

---

[1] Ms. Manresa Molerio represents that she is Petitioner's wife and the mother of his two minor United States citizen children. Doc. #1 at 3. Respondents do not challenge Ms. Manresa Molerio's standing to proceed as next friend. *See* Doc. #6. The Court therefore concludes that Ms. Manresa Molerio may proceed as Petitioner's next friend.

of Homeland Security ("DHS") issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. Doc. #6, Ex. 1 at 1, 4. Petitioner is currently in custody at the Joe Corley Processing Center in Conroe, Texas and has not been afforded a bond hearing, or any individualized determination of flight risk, danger to the community, or violation of his release conditions. Doc. #1 at 1, 5.

Respondents argue that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #6. Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 7–8. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates Petitioner's right to procedural due process. After reviewing the authorities and all matters of record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("federal courts may grant habeas relief as law and justice require") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc.

2

#6. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.

2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.

3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from him at the time of or during detention.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

_____JUN 1 5 2026_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

3